# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONG MOUA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 1:13-cv-00373-BAM<br><br>ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND |

## I.　INTRODUCTION

Plaintiff Tong Moua ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income benefits and disability insurance benefits pursuant to Title II and XVI, respectively, of the Social Security Act.

Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all further proceedings in this case before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Doc. 10, 13.) The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.  Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds that the Administrative Law Judge ("ALJ") erred in finding that the claimant is capable of performing past relevant work. Accordingly, the ALJ's decision is reversed and the case remanded for further proceedings consistent with this Order.

1

## II. BACKGROUND

### A. Overview of Administrative Proceedings

On July 10, 2009 and June 25, 2009, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning October 15, 2008. AR 129-37.[1] Plaintiff's application was denied initially and on reconsideration. AR 71-75, 77-81. Subsequently, Plaintiff requested a hearing before an ALJ. AR 82. In a decision dated November 23, 2011, the ALJ found that Plaintiff was not disabled and could perform his past relevant work as a home attendant and mill laborer. AR 19. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on January 14, 2013. AR 1-4. Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g).

### B. Plaintiff's Background and Testimony

The ALJ held a hearing on November 15, 2011 in Fresno, California. AR 26. Plaintiff, who was represented by counsel, appeared and testified through an interpreter. *Id.* A Vocational Expert (the "VE") testified at the hearing. AR 42-45.

Plaintiff was 48 years old at the time of the hearing. Plaintiff resides in Biola, CA with his wife and three older children. AR 30. Plaintiff attended adult school for two years after coming to the United States. AR 31. Plaintiff's past work experience includes work as a home attendant for his mother and as a mill worker. AR 33-35. Plaintiff now lives a sedentary lifestyle, spending the majority of his time at home. AR 32. Plaintiff testified that his children handle the household finances and do all of the shopping. AR 167-68. Plaintiff rarely drives, does few chores around the house, and passes his time on the couch watching television and napping. AR 31-33, 40-41.

Plaintiff testified he suffers from depression, a lack of concentration, poor memory, high blood pressure, and lower back pain. AR 149, 163, 166. Plaintiff testified that his conditions affect lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair-climbing, seeing, memory, completing tasks, concentration, understanding, following instructions, and getting along with others. AR 169. He claims that he cannot lift more than a half-gallon, can walk only one block before needing a fifteen-minute rest, can pay attention for only fifteen minutes at a time, has

---

[1] References to the Administrative Record cite to "AR," followed by the corresponding page number to the Administrative Record.

2

difficulty following written and spoken instructions, and getting along with authority figures. AR 169-70. Plaintiff also noted that he has trouble seeing and cannot afford eye glasses. AR 38. As a result of Plaintiff's reduced vision, he can only maintain concentration for one hour before needing a break of 20-30 minutes. AR 38-40.

Plaintiff testified he understands "a little bit" of English. AR 31. No further discussion of Plaintiff's literacy took place during the hearing before the ALJ. AR 28-46. Plaintiff relied on the assistance of interpreter during his hearing before the ALJ and for two of his pre-hearing consultative examinations. AR 26-47, 229, 234. At a field office interview in July 2009, Mr. Moua did not obtain assistance from an interpreter but he affirmed his inability to read. AR 146. In his initial application for Social Security Benefits, Plaintiff stated that he can speak, read, and understand English and write more than his name in English. AR 148. All notices, correspondence, and forms passing between the Social Security Administration Mr. Moua were written in English. *See* AR 1-23, 48-49, 94-117, 120, 123-37, 145-216. Following the ALJ's determination that Plaintiff was not disabled, Plaintiff declared under the penalty of perjury that he cannot read or write in English and that his family members explained all the disability paperwork from the Social Security Administration to him in his native language. Exhibit 1 (attachment to Plaintiff's reply brief).

At the hearing, the ALJ elicited the testimony of the VE. AR 42-45. The VE identified Plaintiff's past jobs as care provider, with a specific vocational profile ("SVP") level of three, and mill laborer, at U.S. Dept. of Labor, *Dictionary of Occupational Titles* 769.687-054 (4th ed. 1991), 1991 WL 680576. AR 43-44. The VE noted that the care provider occupation required a medium exertion level. AR 43. The ALJ asked the VE whether a hypothetical person with the same age, education, and work background as Plaintiff who was restricted to simple, routine tasks, could perform Plaintiff's past work. AR 44. The vocational expert answered, "Yes, your honor, they would work in positions as at that level, technically the home attendant's the three so that typically rules that out." *Id.* When the ALJ posed a subsequent hypo with the same restrictions but including a limitation for "no fine visual acuity such as like reading or microscopic type of work," the VE

answered that the hypothetical person would be able to perform Plaintiff's past work. AR 44-45. The VE and the ALJ did not discuss the Plaintiff's literacy during their exchange. AR 42-45.[2]

**C.    Medical Record**

The entire medical record was reviewed by the Court. The Court will reference the medical evidence to the extent it is necessary to the Court's decision.

**D.    The ALJ's Decision**

On November 23, 2011, the ALJ issued a decision finding that Plaintiff had not met his burden to show that he was disabled within the meaning of the Social Security Act. Specifically, the ALJ made the following relevant findings:

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2013;

2.    The claimant has not engaged in substantial gainful activity since October 15, 2008, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.);

3.    The claimant has the following severe impairments: major depressive disorder, anxiety disorder, macular degeneration, and glaucoma (20 CFR 404.1520(c) and 416.920(c));

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.    The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant cannot perform work requiring fine visual acuity, such as reading or microscopic work, but can perform tasks requiring gross vision. Mentally, the claimant is restricted to simple routine tasks with occasional public contact;

6.    The claimant is capable of performing past relevant work as a home attendant and mill laborer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965);

---

[2] The VE's responses to the ALJ's hypotheticals did not specify which past relevant work to which the VE was referring, i.e., mill laborer or home attendant.

4

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2008, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

### III. DISCUSSION

Plaintiff's appeal challenges the ALJ's decision on two grounds: (1) the ALJ's finding that Plaintiff can perform his past relevant work, despite a finding that Plaintiff cannot read and is limited to simple routine tasks, conflicts with the DOT; and (2) the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony.[3]

**A.   Standard of Review**

To be disabled, a claimant must have a severe medical impairment capable of lasting at least twelve months, such that in light of his medical and vocational limitations he cannot engage in either his past work or in any work existing in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3). The claimant will be found disabled if he either satisfies all the elements of this definition or has a medical condition which is defined as disabling under the Commissioner's "listings." *See* 20 C.F.R. 404.1520. The Commissioner prescribes the order in which the ALJ considers these factors, and instructs the ALJ to end his inquiry as soon as he reaches a dispositive finding, either in that the claimant fails to satisfy an element of disability or in that he satisfies a listing. This sequential process is intended to help ensure that determinations are uniform, administratively efficient, neutral, and carefully documented. 20 C.F.R. 404.1594(b)(5); *see Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999) (sequential process embodies "presumptions about disabilities, job availability, and their interrelation" which "grow out of the need to administer a large benefits system efficiently").

Congress has provided a limited scope of judicial review of the Commissioner's finding that a claimant is not disabled. This Court must uphold the decision if the ALJ applied the proper legal standards and made findings supported by substantial evidence. *See Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla," *id.,* but less than a

---

[3] Because the Court finds the ALJ erred at Step Four, the Court does not reach the merits of Plaintiff's credibility claims.

preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the Court may not substitute its judgment. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir.1996).

**B.     The ALJ's Step Four Findings Contain Legal Error**

At step four of the disability determination, it is the claimant's burden to demonstrate they cannot perform their past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Nonetheless, the ALJ must elicit the relevant facts to support his ultimate conclusions. *Id.* An ALJ may rely on the testimony of a vocational expert to determine if a claimant can perform his past relevant work. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). A vocational expert's testimony generally should be consistent with the DOT. However, if vocational expert testimony deviates from the DOT and is reasonable and supported by persuasive evidence in the record, the ALJ may rely upon such testimony. *Id; see also,* Social Security Ruling 00-4p. If the ALJ relies on a VE's testimony containing such deviations, the deviations must be addressed and explained definitively. *See Pinto*, 249 F.3d at 847.

**1.     The ALJ's Finding Regarding Claimant's Past Relevant Work as a Home Attendant**

Based on the evidence in the record, the ALJ's decision that Plaintiff could perform his past work as a home attendant was in error. It is unclear whether the ALJ misunderstood the VE's testimony, or whether the VE deviated from the DOT without explanation.

The ALJ found that Plaintiff is restricted to simple routine tasks. AR 15. During her examination of the VE, both the ALJ and the VE noted that the job of home attendant was a semi-skilled job with an SVP of 3. AR 43-44. When the ALJ asked if a person restricted to simple routine tasks could perform Plaintiff's past work, the VE stated, "Yes, your honor, they would work in positions as at that level, technically the home attendant's the three so that typically rules that out." AR 44. However, prior to this question, there were two forms of past work at issue – home attendant

1 and mill laborer – and it is unclear if the VE's testimony concerns one or both of Plaintiff's past
2 relevant jobs.

3 The Court cannot discern whether the VE was asserting Plaintiff could perform his past work
4 as a mill laborer, but not as a home attendant, and the ALJ simply misunderstood the VE; or,
5 whether the VE deviated from the DOT, without explanation, in concluding Plaintiff could perform
6 his past work as a home attendant. *See, Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983) ("In
7 Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure
8 that the claimant's interests are considered."). Indeed, even Defendant is unsure of this testimony:
9 "[a]s an initial matter, the vocational expert's testimony as to whether someone limited to simple,
10 routine tasks could do the job of home attendant is somewhat unclear . . . . In light of the expert's
11 earlier testimony about the job, she may have meant that home attendant would be ruled out because
12 its SVP level of three made it too complex for someone with such a limitation (compare AR 43 with
13 AR 44)." Doc. 7: 12-24.

14 Regardless, the ALJ's conclusion that Plaintiff could perform his past work as a home
15 attendant was in error. If the ALJ misunderstood the VE's testimony, there is no evidence in the
16 record to support the ALJ's conclusion Plaintiff could perform his past work as a home attendant.
17 Alternatively, if the VE was indeed suggesting Plaintiff could perform his past work as a home
18 attendant, such a conclusion conflicts with the DOT and required further explanation. *See Pinto*, 249
19 F.3d at 847. Ultimately, the ALJ's conclusion that Plaintiff could perform his past work as a home
20 attendant conflicts with his residual functional capacity finding, and there is no explanation or
21 evidence in the record to remedy this discrepancy.

22 **2.     The ALJ's Finding Regarding Claimant's Past Relevant Work as a Mill Laborer**
23 The DOT states that Plaintiff's past work as mill laborer requires a language level of 1,
24 which entails that a person possess the following abilities: "Recognize meaning of 2,500 (two- or
25 three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences
26 between words and between series of numbers." DOT 769.687-054. Here, the ALJ made a specific
27 finding that Plaintiff could not perform a job that requires reading. AR 15.

28

The ALJ's third hypothetical to the VE described a person who could not perform a job that requires reading. AR 44. Despite this limitation, the VE testified that Plaintiff could perform his past work as a mill laborer and that her testimony did not deviate from the DOT. AR 45. There was no testimony concerning Plaintiff's ability to work as a mill laborer as he previously performed the job despite his inability to read. Plaintiff argues this was in error. Defendant responds that Plaintiff's illiteracy is irrelevant because Plaintiff performed this job in the past despite his illiteracy.

In recent years, this Court has remanded two cases under very similar facts. In *Singmuongthong v. Astrue,* 2010 WL 3715152 (E.D. Cal. 2010), the ALJ made no specific finding of the plaintiff's literacy; however, the hypothetical posed to the VE asked that he consider the plaintiff's language. *Id.* at *7. Claimant's past work required a language level of 2 and the evidence demonstrated that Plaintiff was illiterate. *Id.* Since the decision lacked findings or discussion regarding the claimant's language, the Court found the record inadequate for purposes of judicial review and remanded for further analysis. *Id.*

Similarly, in *Her v. Astrue*, 2010 WL 328841 (E.D. Cal. 2010), evidence indicated that the claimant was illiterate. The ALJ asked the VE to consider the claimant's language when determining claimant's ability to perform past work. *Id.* at *6. Although the claimant's past work required a language level of 1, the VE affirmed the availability of past work, without any discussion concerning the deviation from the DOT's language requirement. *Id.* at *5-6. As Defendant does here, it was argued that the claimant's alleged language limitations were irrelevant because the claimant had already performed her past work despite her illiteracy. *Id.* at *6. *Her* found that "[s]uch a statement is not persuasive evidence to support a deviation from a DOT requirement. Although a claimant is not per se disabled if he or she is illiterate, the ALJ must definitively explain why he or she deviates from the DOT's language requirements when finding that a claimant can perform her past relevant work." *Id.* at *6. (citations and quotations omitted).

The Court agrees with the reasoning of *Singmuongthong* and *Her*. For an ALJ to properly rely on VE testimony that deviates from the DOT, the ALJ must determine whether the VE's explanation for the conflict is reasonable and whether there exists a basis for accepting the VE's testimony over the information contained in the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th

8

Cir. 2007) (citing SSR 00–4p). The VE incorrectly testified there was no conflict between her testimony and the DOT, and there is no explanation for the ALJ's conclusion that Plaintiff can perform his past relevant work despite a residual functional capacity finding that conflicts with the requirements found in the DOT.

**C.     Remand is Required**

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In Social Security cases, the decision to remand to the Commissioner for further proceedings or simply to award benefits is within the discretion of the court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir.1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Id.* (alteration in original) (internal quotation marks omitted); *see also Varney v. Sec 'y of Health & Human Servs.,* 859 F.2d 1396, 1399 (9th Cir. 1988) ("Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." (Citation omitted)).

The Court has determined that the ALJ erred in finding that Plaintiff could perform his past work. The Court finds that this error can be corrected with further proceedings. The Court, therefore, finds that this action should be remanded for further analysis at step four. On remand, the ALJ shall sufficiently explain any deviation from the DOT when finding that Plaintiff can perform his past relevant work as a home attendant or mill laborer.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision at step four that Plaintiff could perform his past relevant work is not supported by substantial evidence.  Accordingly, the decision is **REVERSED** and the case **REMANDED** to the ALJ for further proceedings.  On remand, the ALJ will address whether Plaintiff can perform his past relevant work in a manner consistent with this Order.  Additionally, though not addressed in this Order, on remand the

9

Commissioner is ordered to reevaluate Plaintiff's subjective symptom testimony. If deemed necessary, the Commissioner may hold further hearings and receive additional evidence.

Clerk of this Court is **DIRECTED** to enter judgment in favor of Plaintiff Tong Moua, and against Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **June 24, 2014**              /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE