UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONG MOUA,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:13-cv-00373-BAM<br><br>**ORDER DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES, COSTS, AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**(Doc. 21)** |

## I.    INTRODUCTION

Pending before the Court is Plaintiff Tong Moua's application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d) in the amount of $5,649.73 for fees and $60.00 in costs. The Commissioner of Social Security ("Commissioner" or "Defendant") responded to the motion and objected based on the application being filed untimely, thereby precluding payment of fees and expenses under EAJA. Having considered the moving and opposition papers, and the entire file, Plaintiff's Motion for Attorney's Fees is DENIED.

## II.    BACKGROUND

On March 14, 2013, Plaintiff sought judicial review of the Commissioner's final decision denying his application for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB") pursuant to Title II and XVI, respectively, of the Social Security Act. (Doc. 2). The

1 Court determined that the Administrative Law Judge ("ALJ") erred by finding the claimant capable of
2 performing past relevant work. (Doc. 18). Accordingly, on June 25, 2014, the Court reversed the
3 ALJ's decision and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).
4 (Doc. 18). On remand, the Court ordered the ALJ to: (1) address whether Plaintiff could perform his
5 past relevant work in a manner consistent with the Court's order, (2) reevaluate Plaintiff's subjective
6 symptom testimony, and (3) if necessary, hold further hearings and receive additional evidence. *Id.* at
7 9–10.

### III. DISCUSSION

9 Plaintiff filed the present motion requesting an award of attorney's fees under EAJA. (Doc.
10 21). With this motion, Plaintiff requests an award of attorney's fees and costs in the amount of
11 $5,709.93, representing 26.4 hours of attorney time at an hourly rate of $187.02, 5.2 hours of paralegal
12 time at $137.00 per hour and $60.00 in costs. The Commissioner does not oppose the motion on its
13 merits, but instead argues that Plaintiff is precluded from a fee award because Plaintiff's motion was
14 filed thirty-one days after the final judgment in this action. (Doc. 23 at 3).

15 Pursuant to EAJA, 28 U.S.C. § 2412(d), "[a] party seeking an award of fees and other expenses
16 shall, within **thirty days** of final judgment in the action, submit to the court an application for fees and
17 other expenses . . . ." 28 U.S.C. § 2412 (d)(1)(B)(emphasis added). In Social Security cases, the EAJA
18 filing period starts after the district court enters judgment and the appeal period has run, which renders
19 the judgment final and no longer appealable. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991);
20 *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding a sentence four remand becomes a
21 final judgment for purposes of attorneys' fees under the EAJA upon expiration of the time for appeal).
22 The time for appeal in a civil case in which the federal government is a party ends sixty days after
23 entry of judgment. Fed. R. App. P. 4(a); *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). Judgment
24 is considered entered under Rule 4(a) if it has been entered in compliance with Federal Rule of Civil
25 Procedure 58. *Id.* Under Rule 58, judgment is entered when the judgment is entered in the civil docket
26 and is set out in a separate document. Fed. R. Civ. P. 58(c).

27 Here, there appears to be no dispute that the September 25, 2014, motion for EAJA fees is
28 untimely. The Court issued a separate June 25, 2014, judgment reversing and remanding the case

2

Case 1:13-cv-00373-BAM   Document 24   Filed 06/30/15   Page 3 of 5

pursuant to sentence four.  (Docs. 18, 19). The judgment became final on August 25, 2014; Plaintiff, therefore, had until September 24, 2014, to timely file a motion for attorney's fees under the EAJA. Plaintiff did not file his motion until September 25, 2014, a day after it would have been timely. Plaintiff fails to account for his late application and provides no reason for failing to comply with the filing deadline. Instead, Plaintiff devotes the entirety of his application to the government's lack of "substantial justification," hourly rates for attorneys and paralegals, and the absence of offsets. (Doc. 21).  Plaintiff did not file a reply to address the government's position.

The question remaining is whether Plaintiff's untimely application, filed one day late, should be considered.  Although the thirty day deadline for an EAJA application is not a jurisdictional bar, *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004), the time limits for submitting EAJA fee applications are strictly construed because the EAJA is a waiver of sovereign immunity. *See United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1632 (2015) (Supreme Court affirming that filing deadlines are not jurisdictional but are "claim-processing rules," and they do not "deprive a court of authority to hear a case.").

Given the one day late filing, the Court finds *Arulampalam v. Gonzales*, 399 F.3d 1087 (9th Cir. 2005) particularly instructive.  In *Arulampalam*, the Court denied Arulampalam's petition for rehearing on April 6, giving Arulampalam 90 days to file a petition for writ of certiorari with the Supreme Court. *See Id.* at 1088. Judgment became final on July 5, and Arulampalam had 30 days to submit his EAJA application for attorney fees. *Id.* Arulampalam mailed his application on the deadline, August 4, but it was not filed with the court until five days later, on August 9. *Id.* Arulampalam argued that "because his motion was mailed on August 4 [] it qualifies as having been 'submitted' for the purposes of 28 U.S.C. § 2412(d)(1)(B)." *Id.* The court rejected Arulampalam's argument, stating:

> The Supreme Court and the Ninth Circuit have, however, both paraphrased EAJA's submission requirement to mean that the application must be filed within the thirty-day period. *See Scarborough v. Principi*, 541 U.S. 401 [] ("Section 2412(d)(1)(B) specifies as the time for filing the application 'within thirty days of final judgment in the action.'"); *Al-Harbi v. INS*, 284 F.3d 1080, 1082 (9th Cir. 2002) ("Under the EAJA, applications for awards of attorneys' fees must be filed 'within 30 days of final judgment.'"). *Id.*

3

The Ninth Circuit recognized that the EAJA's 30-day filing period "is not, strictly speaking, jurisdictional." *Id.* at 1090. Nonetheless, the Court denied Arulampalam's application for attorney fees pursuant to § 2412(d) as untimely since it was filed beyond the 30-day filing period. *Id.*; *See e.g.*, *Zheng v. Ashcroft*, 383 F.3d 919 (9th Cir. 2004) (denying motion for attorney fees under EAJA filed eight days after final judgment); *see also Scarborough*, 541 U.S. at 426 (2004) ("The EAJA requirement for filing a timely fee application . . . is a condition on the United States' waiver of sovereign immunity in § 2412(d)(1)(A). As such, the scope of the waiver must be strictly construed.") (citations omitted). Therefore, untimeliness alone requires denial of the application. *Id.*

Accordingly, the Court finds Plaintiff's petition for attorney fees is untimely as it was filed beyond the 30-day filing period provided by § 2412(d)(1)(B), and the Court must deny Plaintiff's application for fees under EAJA. *See also United States v. Locke*, 471 U.S. 84, 100–101 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline . . . .").

The Court's conclusion in this regard is further strengthened by the fact that Plaintiff has failed to argue that he is entitled to equitable tolling.[1] Generally, equitable tolling "focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant." *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003). Plaintiff bears the burden of showing that an affirmative misrepresentation or affirmative concealment of a material fact by the government somehow prevented or made impossible the filing of a timely complaint, and that the plaintiff neither knew nor reasonably should have known the material facts. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) (equitable tolling is permitted where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by the adversary's misconduct in allowing the filing deadline to pass, but not where the claimant failed to exercise due diligence or where the circumstances involved at best a garden variety claim of excusable neglect).

---

[1] Because the 30-day deadline is not jurisdictional, courts may consider equitable-tolling and the relation back doctrine when addressing an untimely filing or amended application for attorney fees. *Scarborough v. Principi*, 541 U.S. 401 (2004).

4

Here, Plaintiff does not argue that any extraordinary circumstances serve as the basis for equitably tolling the filing deadline of his EAJA motion. Instead, Plaintiff did not file a reply to the Commissioner's opposition challenging Plaintiff's application on timeliness grounds. Thus, Plaintiff's application fails to provide any reason for his late filing. Moreover, Plaintiff has not shown why the government would not be prejudiced by his petition. Accordingly, Plaintiff fails to raise any grounds to support equitable tolling. *See Garcia v. Brockway*, 526 F.3d 456, 466 (9th Cir. 2008) ("Fairness, without more, is not sufficient justification to invoke equitable tolling."). For that reason, the Court does not allow the deadline for filing Plaintiff's EAJA application to be equitably tolled.

Likewise, Plaintiff's request for $60.00 in costs for service of the summons and complaint pursuant to 28 U.S.C. § 1920 is similarly denied.[2] (Doc. 21 at 8). Although the Commissioner does not separately address Plaintiff's request for costs, an application for costs is treated as timely when it is submitted as part of a timely EAJA petition for attorney fees and expenses. 28 U.S.C. § 2412(d)(1)(B)(a party has thirty days after the final judgment to apply for attorneys' fees and costs). Plaintiff's request for costs is therefore also DENIED.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney fees and costs is DENIED. (Doc. 21).

IT IS SO ORDERED.

Dated:   **June 30, 2015**         /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE

---

[2]   28 U.S.C. § 1920 provides: A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.